RED WILLOW COUNTY, APPELLEE, v. HANS I. PETERSON ET AL., APPELLANTS.

FILED SEPTEMBER 28, 1912. No. 16,772.

Sheriffs: MILEAGE FEES: CONSTRUCTION OF STATUTE. By the provisions of section 5, ch. 28, Comp. St. 1911, a sheriff is not required to report and pay over to the county treasurer mileage fees; they being expressly excepted in the section.

APPEAL from the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Reversed and dismissed.*

*W. S. Morlan* and *C. E. Eldred,* for appellants.

*Charles D. Ritchie, Perry, Lambe & Butler* and *Ritchie & Wolff, contra.*

REESE, C. J.

This is an action by plaintiff, the county of Red Willow, against defendant, Hans I. Peterson, a former sheriff of

said county, upon his official bond, for the amount of cer-
tain mileage fees which, it is alleged, he earned and col-
lected while in office, but failed to report and pay into the
county treasury. A general demurrer to the petition was
filed by defendant, which was overruled. Defendant de-
clined to answer further, and stood upon his demurrer,
when a judgment was entered against him for the amount
claimed. He appeals to this court.

The petition alleges the failure of defendant Peterson
to report and pay over the mileage fees for each quarter
during the two years he held office. The effect of the de-
murrer is an admission that he so failed, and that the
amounts alleged to have been collected are correctly stated.
The only question is as to whether it was his duty to so
report and pay over the fees named. At the time he took
upon himself the duties of his office, the statute was, and
still is, that on the first Tuesday in January, April, July
and October of each year the sheriff shall "make a report
to the board of county commissioners or supervisors under
oath showing the different items of fees except mileage
collected or earned, from whom, at what time and for
what service, and the total amount of fees collected or
earned by such officer since the last report and also the
amount collected or earned for the current year and he
shall then pay all fees earned, to the county treasurer."
Comp. St. 1911, ch. 28, sec. 5. The case turns upon the
meaning of the words "except mileage," and the intention
of the legislature in incorporating them into the section.
The legislative journals show that the amended act was
passed in 1907. The bill was introduced without the
quoted words, and was referred to the proper committees.
(Senate File 319.) It was considered in the committee
of the whole March 22, 1907, and the committee reported it
back recommending a number of amendments, one of
which was, "after the word 'fees' insert the words 'except
mileage.'" (Senate Journal, p. 1003.) The report of the
committee was adopted (Senate Journal, p. 1007), and
the bill, as thus amended, was passed by both houses and

was signed by the governor. This is all the light given upon the subject, in so far as this language is concerned. It is argued with considerable force and skill that other provisions of the law requiring all fees to be paid into the county treasury, as well as the fact that the salary of the sheriff is fixed by statute, do not indicate that the mileage fees are to be excluded. The intention of the legislature, in the absence of ambiguous terms, is to be drawn from the language used. It is very clear that it was the purpose to exclude mileage from the report, or it would not have been excepted. The record shows that the exception was incorporated by the deliberate act of the law-making power. It is a well-established rule of construction that all words used in a statute should be given some meaning, if it can be done. The words "except mileage" are not meaningless, and but one intention can be attributed to their use, and that is, that mileage fees are not to be reported. If not, they are not to be accounted for.

It follows that the judgment of the district court must be reversed, and the cause dismissed, which is done.

REVERSED AND DISMISSED.

ROSE, J., took no part in the decision.