State, ex rel. Antelope County, v. Miller.

STATE, EX REL. ANTELOPE COUNTY, APPELLEE, V. JOHN D. MILLER, APPELLANT.

FILED APRIL 3, 1915. No. 18062.

Sheriffs: FEES: REPORTS. A sheriff is required to report all fees earned by him by virtue of his office, which are not especially excepted from his report by statute. His salary is in lieu of fees.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Affirmed.*

*O. A. Williams* and *Kelsey & Rice,* for appellant.

*J. F. Boyd, contra.*

SEDGWICK, J.

The respondent, as sheriff of Antelope county, collected fees for his services attending on district court and summoning juries. He neglected to enter these items upon his fee book or report them to the county commissioners. The county brought this action in mandamus in the district court for Antelope county to compel the respondent to report these fees. The district court found the issues in favor of the county and issued the peremptory writ of mandamus as prayed, and the respondent has appealed.

The action was rightly brought in the name of the county. *State v. Kelly,* 30 Neb. 574; *State v. Russell,* 51 Neb. 774.

The respondent filed an answer in which he alleged "that the relator is without capacity to sue in this court." He now insists that the counsel who brought the action was not authorized to bring it. The above allegation was not sufficient to present such question. The presumption is that the counsel was duly authorized by the county, and, as the evidence is not preserved in a bill of exceptions, the presumption would be, if necessary, that there was ample proof of the authority of the attorney who brought this action for the county.

.These fees were earned in the performance of his ·duties as sheriff, and the law of 1907 (Laws 1907, ch. 54) provides that the compensation of the sheriff shall be a salary which is fixed by law and is in full of all services rendered by virtue of his office. In *Red Willow County v. Peterson,-* 91 Neb. 750, it was decided that the sheriff was not required to report certain mileage fees which the statute (Laws 1907, ch. 53) expressly provided should not be reported; and in *Dunkel v. Hall County,* 89 Neb. 585, it was held that the sheriff, by virtue of his office, is not required to act as jailor, and that when he employs a jailor the county is liable for the jailor's fees. These two cases, relied upon by the respondent, are not in point in this case, since the statute makes no exception of fees for services of this character.

The judgment of the district court is

AFFIRMED.

FAWCETT and LETTON, JJ., not sitting.