No. 2335.

JOHANNA MOSER *v.* ANN K. HUSSEY ET AL.

LANDLORD AND TENANT—ACTION.—When judgment is rendered against tenants, ousting them from possession, in a proceeding of which their landlord had no notice, he may by suit not only restrain the execution of the writs of possession, but is entitled to have the case reopened and defeat the original action in a trial de novo.

APPEAL from Galveston. Tried below before the Hon. William H. Stewart.

*Burnett & Hanscom,* for appellant.

*Frank M. Spencer* and *J. B. Stubbs,* for appellees.

GAINES, ASSOCIATE JUSTICE. Appellees brought an action of trespass to try title against Annie Lorrell and Robert Houston, to recover certain real estate in the city of Galveston. At the February term, 1886, the defendants in that suit having been

served and having failed to answer, judgment by default was taken against them, a writ of possession was issued; and appellant filed a petition in the court where judgment was rendered, setting forth the facts just stated, and also alleging that the defendants in the original suits were her tenants, and that she had no notice that suit had been brought against them until the writ of possession issued.

She also averred that she was owner of the property, that the said defendants had no interest in it except as her tenants, and further, that she was then in possession of that part of the premises occupied by Annie Lorrell at the time the original suit was instituted. The prayer was that the writ of possession be stayed, and that the judgment be held for naught as to her, and for general relief.

On the trial below it was admitted that the judgment was rendered and the writ issued as alleged in the petition. Evidence was also introduced upon the question of notice to plaintiff in this suit of the pendency of the former action. This plaintiff also introduced a deed to herself and an abstract of a chain of title from the government down to her vendor. The court below found that plaintiff had no notice of the former suit, and adjudged that the writ of possession be restrained as to appellant, but that it should continue in force against all other persons, and that appellant recover her costs. To this judgment appellant excepted on the ground that it did not reopen the case and permit her to defend the original action, and thereupon gave notice of appeal. The refusal of the court to grant appellant a new trial of the original action is shown by a bill of exceptions and is assigned as error.

We think the assignment is well taken. The precise question arose in this court in the case of Hough v. Hammond, 36 Texas, 657, and it was there held that the court below should have granted the landlord a new trial. The judgment was accordingly reversed and the cause remanded, with instructions to hear and determine the original suit with the landlord as defendant. The decision in that case is well supported by reason and authority. No one is concluded by a judgment in a suit to which he is not a party, unless he hold under one of the parties by right acquired after the action is brought. And it would be unjust to permit a landlord to be dispossessed by suit against a tenant of which he has no notice, and to be forced in this manner to take the laboring oar in a new suit, in order to regain his property.

It is accordingly held, even at common law, that after judgment against his tenant he has the right, by application to the court in which the judgment is rendered, to have it set aside, and to have himself let in to defend the original action. This is distinctly laid down by leading text writers, and by courts of the highest authority. (Adams on Ejectment; Tyler on Ejectment, 451, 452; 3 Wait's Actions and Defenses, 85; Freeman on Judgments, 185; Jackson v. Stiles, 4 Johns, 493; Rollins v. Rollins, 76 North Carolina, 264; Douglas v. Fulda, 45 California, 592.)

We are of opinion that the court below should have followed by analogy the practice in original actions for a new trial upon equitable grounds, and should have heard and determined the whole litigation upon the hearing of appellant's application. (Roller v. Wooldridge, 46 Texas, 485.) But the court having found that appellant was the landlady of the tenants in the original suit, and that she had no notice of the proceedings before the judgment was rendered, so much of the judgment now appealed from will be permitted to stand. It will otherwise be reversed and the cause remanded, with instructions to the district court to set aside its judgment in the original suit, and to proceed to trial of the action de novo, with appellant as defendant to the action.

*Reversed and remanded.*

Opinion delivered March 1, 1887.