## STANDARD OIL CO. et al. (TRAVIS COUNTY, Intervener) v. STATE et al.

### No. 8900.

Court of Civil Appeals of Texas. Austin.

Oct. 11, 1939.

Rehearing Denied Nov. 1, 1939.

Tass Waterson, Hart & Brown, and James H. Hart, all of Austin, for appellants.

Henry H. Brooks, of Austin, for appellee Everett L. Looney.

Elbert Hooper, of Austin, for appellees Robert E. and John D. Cofer.

Everett L. Looney, Robert E. Cofer, John D. Cofer, and Bryan Blalock, all of Austin, in pro. per.

George Mendell, of Austin, amicus curiæ.

BAUGH, Justice.

This case arose as follows: Bryan Blalock was County Attorney of Travis County from January 1, 1931, to January 1, 1935. In November, 1931, the Attorney General, on behalf of the State of Texas, brought suit in the District Court of Travis County, against the Standard Oil Company, the Texas Petroleum Marketers' Association, and numerous other named defendants, among other things for penalties for alleged violations of the anti-trust laws of Texas. At the request of the Attorney General and under his direction, the County Attorney of Travis County joined in this suit. Under authority of Art. 7436, R.C.S. 1925, the said Bryan Blalock as County Attorney entered into written contracts with Cofer & Cofer and George Mendell, employing them to assist in the prosecution of said suit. Thereafter he also likewise employed Everett L. Looney, who was Assistant Attorney General when said suit was filed but who retired from that office before said suit was disposed of, to continue to assist in the prosecution of said suit. The pleadings in the case were voluminous and the issues numerous. On October 3, 1933, the trial court sustained a demurrer to the State's third amended petition on the ground that the National Recovery Act, 48 Stat. 195, had suspended the anti-trust laws of Texas. On appeal to this court the trial court's judgment was affirmed, but upon another ground. See Tex.Civ.App. 82 S.W.2d 402. The Supreme Court granted a writ of error, reversed the judgments of the trial court and of this court and remanded the cause to the trial court for trial upon the merits. See 130 Tex. 313, 107 S.W.2d 550.

On October 3, 1938, the trial court entered its judgment in said suit, reciting in part as follows:

"Whereupon, the case proceeded to trial as to all parties, and the court having heard and duly considered the pleadings, the evidence and the argument of counsel does here and now find and adjudge as follows:

"1. The court finds that the State of Texas is entitled to recover from the defendant Texas Petroleum Marketers' Association, a corporation duly incorporated under the laws of the State of Texas, as for penalties accruing under the Anti-trust Law of the State of Texas, the full sum of $450,000.00; and that $25,000.00 of this amount should be paid direct to the special counsel hereinafter named who were duly and legally employed, and the court in this connection finds that said counsel are lawfully entitled to the payment of the attorneys' fees hereinafter awarded, and that said attorneys' fees are proper, legal and reasonable."

All other defendants were acquitted and it was decreed by the court "that the State of Texas do have and recover of and from the defendant Texas Petroleum Marketers' Association the sum of $450,000.00,

together with all costs of court; $425,-000.00 of which shall be paid to the State of Texas and $25,000.00 of which shall be paid to the special counsel for the State of Texas, as follows: Robert E. Cofer and John D. Cofer (composing the law firm of Cofer & Cofer), the sum of $13,000.00; George Mendell, the sum of $3,000.00; Everett L. Looney, the sum of· $6,000.00; and Bryan Blalock, the sum of $3,000.00, in accordance with their contract heretofore referred to, and that such payments shall fully discharge and satisfy the judgment herein rendered in favor of the State of Texas."

The judgment further recited that: "This judgment having been paid and fully satisfied in open court, it is ordered and adjudged by the court that no execution shall issue herein, and that this judgment stands paid and satisfied in full, and that the Attorney General of Texas shall acknowledge payment of the judgment by proper writing on the margin of the court's minutes as prescribed by law."

The judgment itself as recorded shows that on October 4, 1938, it was receipted as follows: "Received $6,000.00 Everett L. Looney. Received $13,000.00 Cofer & Cofer. Received $425,000.00 Wm. McCraw, Atty. Gen. for the State of Texas." While not shown of record, it is not controverted that Mendell and Blalock were also then paid $3,000 each.

On October 24, 1938, Tass Watterson, then County Attorney of Travis County, for himself and on behalf of the Commissioners Court of Travis County, filed a motion in said cause petitioning the District Court to "reform and modify said judgment, ordering the defendants to pay the said $25,000.00 in attorney's fees into the Registry of the Court for the County Attorneys of Travis County as their interests and the interest of special counsel may severally appear." And in the alternative that the court order the special counsel who had received the $25,000 to show cause why they should not pay said sum into the Registry of the Court to abide a proper disposition of same.

Thereafter on November 9, 1938, by amended application, Travis County and Tass Watterson, as County Attorney of Travis County, sought a hearing on said amended application; prayed that the named counsel be required to pay into the Registry of the Court said $25,000; that same be adjudged to be the property of Travis County; and that said judgment of October 3, 1938, be reformed, corrected, and amended accordingly. The regular term of the District Court expired on November 30, 1938, but on November 26, 1938, the District Judge, because of inability to hear said application prior to November 30th, extended the term to December 31, 1938, to hear this particular application, motion, or plea of intervention by Travis County, set it down for hearing on December 19, 1938, and notices thereof were issued to all respondents. All respondents filed written replies, hearing was had on the date set, and on December 22, 1938, the court denied Travis County any relief; hence this appeal.

The theory on which the County sought to intervene in said suit after final judgment was rendered, was that under said judgment $25,000 of the $450,000 recovered by the State as penalties accrued to the present County Attorney, or at least to him and Blalock, under the provisions of Art. 7436, R.C.S., 1925, and that due to the provisions of the general fee bill (Arts. 3883, 3883a and 3891, as variously amended since 1930, and as in force at the date of said judgment, Vernon's Ann.Civ. St. arts. 3883, 3883a, 3891) said County Attorney was not entitled to retain same, but was required by law to pay same into the Treasury of Travis County.

We are confronted at the outset with a motion by appellees to dismiss the appeal, and their contention in their briefs that the appeal should be dismissed, on the ground that Travis County, which was not a party to the original suit nor to the judgment could not intervene after final judgment therein had been rendered and satisfied in full.

It cannot be doubted that the trial court has jurisdiction over its own judgments until they become final, with power to vacate, correct or amend same at the instance of proper parties upon grounds sufficient to authorize such action by the court. 25 Tex.Jur., Sec. 127, p. 520; id. Sec. 150, p. 545. It is also a well settled general rule that only parties to the judgment can have it set aside, or its terms changed. 25 Tex.Jur., Sec. 172, p. 568; 34 C.J., Sec. 558, p. 344. There are, however, exceptions to this general rule. Where the rights of one not a party to the judgment are directly and necessarily affected he may intervene after judgment and have his rights protected. Moser v.

Hussey, 67 Tex. 456, 3 S.W. 688; Dallas Oil & Ref. Co. v. Portwood, Tex.Civ.App., 68 S.W. 1017. Such instance is presented in a trespass to try title suit against a tenant to which the landlord is not made a party. In such case the landlord is a proper if not a necessary party to the suit. In such case the interest of the intervener antedates the judgment and is directly in the subject matter of suit between the parties thereto.

█ No such case is here presented. Travis County was neither a necessary nor a proper party to the suit of the State against the several defendants for violation of the anti-trust laws. The County as such had no interest in that suit nor the subject matter of it. The only interest it had or could have had is predicated upon three contingencies: 1st, whether the Attorney General, as authorized but not required by Art. 7436, R.C.S., to do, directed the County Attorney to assist in the prosecution of said suit; 2nd, whether the penalties sued for were recovered by the State; and 3rd, whether the portion of the penalties recovered and payable to the County Attorney who joined in the original suit or to his successor in office, or only one-half thereof (if the suit were compromised), was required by law to be paid by the County Attorney to Travis County.

█ The last named contingency involved an issue between Travis County and its former County Attorney only, and the rights of these respective parties as between themselves were not related to nor determinable under the anti-trust laws of the State. That was a controversy in which neither the State nor the original defendants had any interest. It was dependent upon the provisions of what is commonly known as the general fee bill (Title 61, Chap. I, Arts. 3882–3912, R.C.S. 1925, as variously amended, Vernon's Ann. Civ.St. arts. 3882–3912) and upon facts entirely foreign to the main suit. Under such circumstances we conclude that Travis County did not show itself to be so affected by, nor interested in, the judgment rendered as to authorize it to intervene after said judgment had been *entered and satisfied in full.* Had the trial court denied the intervention, under such circumstances, no right of appeal would lie. Road Dist. No. 5 v. McElwrath, Tex.Civ. App., 64 S.W.2d 1109; Gibson v. Richter, Tex.Civ.App., 97 S.W.2d 351; Mast v. Shipp, Tex.Civ.App., 123 S.W.2d 980.

██ But if it be conceded that Travis County had the right to intervene, it could not complain as to the fees awarded to the special counsel named for the reason that it suffered no injury thereby. Under the provisions of Art. 7436, the County Attorney had authority to employ special counsel to assist him and his contracts in that regard are by said statute made binding upon him after he retires from office. Manifestly such contracts of employment, and the right of special counsel to compensation for their services thereunder, would be binding upon his successor in office and upon Travis County. No doubt the Legislature in enacting this law was cognizant of the necessity for such employment in order to have continuity of service of competent counsel from the inception of such suit until its final termination, for the reason that during the pendency of such suits on trial and on appeal, it might probably occur, as in the instant case it did occur, that the Attorney General who instituted the suit and the County Attorney who joined him, would retire from office and leave the prosecution of such suits to others. In such case the importance of having special counsel whose services are continuing becomes manifest. No complaint is made nor question raised as to the legality of the employment of the special counsel involved in the instant case. The trial court found that as to them their employment was legal and their compensation contractual and reasonable. If, as contended by the County, the entire $25,000 of the penalties recovered should have been paid over to the former County Attorney or to the present County Attorney, under the provisions of Art. 7436; still neither such County Attorney nor Travis County could deny nor defeat the rights of these special counsel to their just compensation necessarily payable from this portion of the penalties recovered by the State. Consequently no injury could have resulted to Travis County by reason of this portion of the judgment.

█ The only portion of the judgment sought to be reopened and reformed in which Travis County could possibly have had an interest, therefore, was the $3,000 paid to Blalock. As above stated, whether Travis County was entitled to this sum under the provisions of the fee bill was a matter entirely foreign to the main suit. Such

615

fees, under the provisions of Art. 7436, were payable to the County Attorney, not to Travis County. He was consequently authorized to collect and receipt for them whether the judgment so provided or not. Whether he thereafter made proper disposition of them was an issue between him and Travis County only, with which the original parties had no concern. His failure to do, if he should so fail, could not affect the judgment in the main suit. Travis County's remedy, therefore, if any it has, is manifestly by plenary suit against Blalock, which would involve and be determined by facts which would have no bearing whatever on the issues presented in the State's main suit.

■ Art. 7436 expressly provides that "all such fees which he may collect shall be over and above the fees allowed under the general fee bill." Unless this provision has been repealed by the amendments to the general fee bill, it is clear that such penalties as are so recovered in anti-trust suits are not to be accounted for by the County Attorney as fees of office.

The Legislature in excluding from the provisions of the general fee bill the fees authorized in Art. 7436 obviously took cognizance of the fact that prosecution by the County Attorney, under the direction of the Attorney General, of anti-trust suits on behalf of the State, was not a duty ordinarily encompassed within the regular duties of his office. Such labors on his part were manifestly deemed by the Legislature to be outside of, beyond, and in addition to the regular duties of his office. Because of this, it made in Art. 7436 special provision, outside of the general fee bill, for compensation for such services, and saw fit to expressly exclude that compensation from the fees of office defined and dealt with in the general fee bill.

While in the various amendments to the general fee bill, particularly Art. 3891, R. C.S.1925, Vernon's Ann.Civ.St. art. 3891 (see Acts 1933, 43rd Leg. p. 734, Ch. 220; Acts 1935, 44th Leg., p. 752, Ch. 327), the Legislature has used very broad and inclusive language, such language must, we think, be construed in the light of the subject matter there being dealt with. That is, with fees of office coming within the pale of the general fee bill. This was the statute, and the only statute, then before the Legislature for amendment as shown both by the caption and the body of the bills then passed. No reference whatever was made to Art. 7436. That being true, and the Legislature having already by general law enacted long prior thereto, and continuously adhered to since its passage, expressly excluded from the provisions of the general fee bill, the compensation to County Attorneys provided for the performance of such extra or superimposed duties, we think the conclusion is clear that it did not intend to repeal any of the provisions of Art. 7436. If it had so intended it could have easily so provided expressly. If the quoted provision of Art. 7436 was not repealed by the amendments to the general fee bill, and we conclude that it was not, then the County Attorney was not required to account for such fees as fees of office under the general fee bill, and Travis County could assert no claim thereto under the terms of the general fee bill.

While other issues are presented and contentions made by both appellant and appellees, the above conclusions make it unnecessary to further prolong this opinion by a discussion of them. It follows, therefore, that the trial court's judgment is affirmed.

Affirmed.