

# THE ATTORNEY GENERAL

# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

September 15, 1949

Hon. W. O. Shafer
County Attorney
Ecter County
Odessa, Texas

Opinion No. V-902.

Re: The right of voluntary pur-
chasers under tax foreclo-
sure suits to recover from
the District Clerk the excess
paid above the taxes due.

Dear Mr. Shafer:

The following basic facts upon which you request an
opinion are quoted from your request:

"Parties who purchased town lots at sheriff's
sales under tax foreclosure judgments contemplate
instituting suits against the State of Texas, County of
Ector, Ector County Independent School District, and
the City of Odessa, being some of the parties to the
foreclosure suits, for the purpose of recovering mon-
eys now held in the registry of this court, which mon-
eys represent sums bid by the purchasers at the sales
and being the amounts remaining after the full pay-
ment of the taxes involved in the foreclosure suits.
The purchasers were not parties to, or interested in
the original foreclosure suits and owned no interest
in the real estate involved therein. Before their pur-
chases it is understood that they made no examination
of the foreclosure proceedings or of the titles. They
probably purchased the lots as a speculative venture
at sums less than they were worth and probably expect-
ed to resell at a profit. They paid for the lots sums in
excess of the amounts of the taxes owing. The surplus
was paid by the sheriff into the registry of the court
and is now so held. Nobody has undertaken to prevent
the purchasers from taking possession of the lots so
purchased and paid for by them, and so far as appears,
the purchasers may take possession without resistance
from any person."

Your question is :

"Can the purchasers, under the circumstances,
attack the foreclosure judgments and have them set a-
side and recover the surplus now held in the registry
of the court?"

The manner and method of enforcing the collection of delinquent ad valorem taxes is exclusively statutory, and the Legislature has made comprehensive provisions covering the subject which are in Chapter 10 of Title 122, Articles 7319 to 7345d, V.C.S., inclusive. No such procedure as contemplated by these purchasers is anywhere provided for by statute. It appears that the judgments in the tax foreclosure suits here involved have become final and the necessary process incident to the sale of the property involved has been executed. Whether the judgments upon which these sales were predicated were valid or void is immaterial, as the purchasers were not parties thereto and occupy no higher status than would any other stranger to the judgments. We will not pass upon the validity of the judgments in question, as it makes no difference whether they be void or valid since our answer will be the same. If they be valid, the purchasers certainly have no right to complain; and if they be invalid, there is no legal basis upon which they may complain, as they were in no manner parties to the suits or the judgments and admittedly bought the property and paid their bids voluntarily and not under duress. Even parties to suits and judgments must complain if they desire to do so within the time and manner prescribed by statute and the rules of civil procedure. It appears that neither the plaintiffs nor the defendants have at any time, timely or otherwise, made any complaint as to the judgments entered in these cases.

The conclusions stated above find ample legal support, as we shall proceed to show. 25 Texas Jurisprudence 568, Judgments, Sec. 172, states the general rule as follows:

> "All parties to the judgment should be before the court when a vacation is sought. Ordinarily none but the parties of record can have the judgment set aside; but an exception to this rule exists as to persons who are necessarily affected by the judgment and who have equities entitled to be protected from its operation.*"

The text cites as an example of this exception a judgment in trespass to try title against a tenant without making the landlord a party stating, "the landlord may have the judgment set aside on motion during the term";*thus implying that even in instances of this kind relief must be sought at a time when the court has jurisdiction to grant it. A landlord has a vital and present interest in the property at the time of the rendition of such a judgment against his tenant in a suit in which he is not a party.

---

* Emphasis supplied by the writer throughout this opinion.

These purchasers occupy no such favored position, for they had no interest in the subject matter at the time of the rendition of the judgments here involved, and are no way affected by the judgments.

The general rule is well stated in 34 Corpus Juris 344, Judgments, Sec. 558, in the following language:

"The general rule is that an application to open a judgment or decree for irregularity can be made only by a party to the record who has been in some way prejudicially affected by such judgment or decree, and that a stranger to the record who was neither a party nor a privy to the action cannot make such an application. If it appears that the parties really in interest are content that the judgment shall stand and submit to the irregularities affecting its validity, it should not be set aside at the instance of a stranger, .... This rule is, however, subject to the limitation that a person not a party may apply for the opening or vacation of the judgment where his rights are injuriously affected thereby. But a person whose interest was acquired after judgment cannot have the judgment vacated for irregularities of which the parties do not complain."

In a comparatively recent case, Standard Oil Co. v. State, 132 S.W.2d 612 (Tex. Civ. App. 1939, error dism., judgm. cor.), it was stated:

"It cannot be doubted that the trial court has jurisdiction over its own judgments until they become final, with power to vacate, correct or amend same at the instance of proper parties upon grounds sufficient to authorize such action by the court. 25 Tex. Jur., Sec. 127, p. 520; id. Sec. 150, p. 545. It is also a well settled general rule that only parties to the judgment can have it set aside, or its terms changed. 25 Tex. Jur., Sec. 172, p. 568; 34 C.J., Sec. 558, p. 344. There are, however, exceptions to this general rule. Where the rights of one not a party to the judgment are directly and necessarily affected he may intervene after judgment and have his rights protected. Moser v. Hussey, 67 Tex. 456, 3 S.W. 688; Dallas Oil & Ref. Co. v. Portwood, Tex. Civ. App., 68 S.W. 1017. Such instance is presented in a trespass to try title suit against a tenant to which the landlord is not made a party. In such case the landlord is a proper if not a necessary party to the suit. In such case the interest of the intervener antedates the judgment and is directly in the subject matter of suit between the parties thereto."

No such case is presented, however, as to these purchasers. The interest they acquired by their purchase of the lots in question was non-existent at the time of the rendition of the judgments, and at that time they had no interest directly or indirectly in the subject matter of the suits, hence none of the exceptions recognized by our courts are applicable to them. It is stated in 49 Corpus Juris Secundum 541, Judgments, Sec. 293:

" . . . a person whose interest was acquired after judgment cannot have the judgment vacated for irregularities of which the parties do not complain."

These purchasers had no vested title or right in these lots at the time the judgments were rendered, and concededly neither the plaintiffs nor the defendants have at any time challenged the title subsequently voluntarily acquired by their purchases or the right of possession incident thereto, and with this we think they must be content in the absence of some statute giving them the relief they contemplate seeking. Under such circumstances, to now refund to them the excess funds in the hands of the Clerk arising from the sales would be tantamount to permitting them to reduce their bid by the amount of such excess funds long after the sales have been fully consummated, return made by the sheriff, deeds executed and delivered, and such excess funds turned over by the sheriff to the Clerk in compliance with his official duty in such cases. Such a procedure has no support in statute or the decisions of our courts.

Our Supreme Court in the early case of McCormick v. Edwards, 69 Tex. 106, 6 S.W. 32 (1887), in an opinion by Justice Gaines, said:

"After a careful research, we have found no case in which a purchaser at a void tax sale has, without the aid of a statute, been permitted to recover even the taxes lawfully assessed upon the land and paid by his purchase.

"It would seem equitable that he should at least recover the taxes which the land-owner ought to have paid, and which he failed to pay. Many states have accordingly passed statutes regulating this subject, and giving the relief indicated; so far as we have been able to discover, whenever this relief has been given or sanctioned by a court of the last resort, it has been by virtue of statutory law. . . . Having no title to or lien upon the land by virtue of his tax purchase and deed, his payment to the state must be deemed the voluntary payment of a stranger, which entitles him to no equity.

This case has been many times cited. It is the law now as it was then.

The court in the case of North Texas Lumber Co. v. First National Bank of Atlanta, 186 S.W. 258 (Tex. Civ. App. 1916), held as follows:

> "The court also correctly refused to allow the appellant reimbursement for the taxes which it had theretofore paid upon the land. The appellant had no title whatever either to the land or the timber, and when it paid the taxes it did so as a volunteer and could not claim the right of subrogation."

We quote the following from the case of Schaffer v. David-son, 97 S.W. 858 (Tex. Civ. App. 1906, error ref.):

> "It is our opinion that the trial judge correctly held the decree void from its own statements and references. This being so, the order of sale and sheriff's deed are without support.
>
> "The question arises, Was appellant entitled to have plaintiffs refund him the money he paid on account of the taxes? Most of the cases decided in this state relate to void tax deeds made in summary sales, and it is settled that in such cases no right to reimbursement exists, unless conferred by statute. . . . The same rule has been applied in a case in which the sale was made in a judicial proceeding, which was held void by reason of the owner not having been made a party. Mumme v. McCloskey (Tex. Civ. App.) 66 S.W. 853."

In Mumme v. McCloskey, 66 S.W. 853 (Tex. Civ. App. 1902, error ref.) the law is thus stated by the court:

> "Appellant being a stranger to the title, and having purchased at a void tax sale, equity will not subro-gate-him to the rights of the state for taxes paid, nor entitle him to be reimbursed by the owner in a suit brought by her to recover her property."

In Lantron v. Jos. Greenspon's Sons Iron & Steel Co., 70 S.W.2d 247 (Tex. Civ. App. 1934) the court concluded:

> "It is equally clear that appellant was not entitled to be subrogated to the rights of the state, county, city, and school district for the amount of the alleged taxes paid by him on said property. He was a mere volunteer.

He not only had constructive, but actual notice, prior
to his purchase, of the existence of facts which made
the said sale absolutely void. It is uniformly and point-
edly held that in the absence of remedial legislation
giving the right, one is not entitled to the relief asked
for here, in cases of this character."

In a more recent case, American Realty Corporation
v. Tinkler, 107 S.W.2d 627 (Tex. Civ. App. 1939, error ref.), the
court said:

"We come now to consider whether or not Tink-
ler was entitled to a judgment for the taxes paid at the
time of his purchase at the tax sales, and for subsequent
taxes which accrued on the land in suit. Our Supreme
Court, in passing upon tax suits wherein the sale had been
through a summary proceeding conducted by a tax col-
lector, wherein the letter of the law was not strictly fol-
lowed has repeatedly held that a purchaser at such sale
is not entitled to reimbursement of the taxes he has paid."

It is quite apparent from the foregoing authorities that
purchasers have no right to recover from the state and the other
taxing units, plaintiffs in the tax suits, the excess moneys voluntar-
ily paid by them at the tax sales for the lots in question. Under the
admitted facts, we do not have a case where payment was made un-
der duress, which might give rise to a right for a refund of money
thus paid; hence it is not necessary for us to discuss the law appli-
cable to such a situation. This money is now in the hands of the
District Clerk where it properly belongs until ordered by the court
to be paid to the owners against whom the judgments were rendered
or forwarded to the State Treasurer as the statute provides. These
funds do not belong to the purchasers, but to the owners of the prop-
erty if claimed within three years from the date of the sales, after
which time the funds may be escheated, as provided by statute.

The disposition of these funds is governed by Attorney
General's Opinion O-6013, a copy of which is herewith enclosed for
your information and guidance. These purchasers have no right to
proceed in the tax suits which have long since become closed by
final judgment to recover the excess moneys now in the hands of
the District Clerk, and it is our view that the court does not have
jurisdiction to entertain such proceedings and grant any relief there-
in, and you are accordingly so advised.

We appreciate the carefully prepared brief which you
submitted with your request. It has been quite helpful to us.

## SUMMARY

A purchaser of real estate at a tax foreclosure sale who voluntarily purchases and pays for said property an amount in excess of what is necessary to satisfy the judgment in favor of the taxing units is not entitled to recover the excess funds arising from such sale in the hands of the District Clerk. Such excess funds do not belong to the purchaser but to the owner against whom the judgment was rendered, if timely claimed within three years from the date of sale, as provided in Articles 7328 and 7345b, V.C.S.; and if such funds are not claimed and received by him within the time and in the manner thus provided, they are subject to be escheated under the law applicable thereto.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          L. P. Lollar
Assistant

LPL/mwb

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL