STATE OF NEBRASKA, EX REL. FRANKLIN COUNTY, v. WILLIAM A. COLE.

County Clerk:  FEES:  MANDAMUS.  Defendant was the duly
    elected and qualified county clerk of Franklin county. During
    his term of office an application was made to the supreme court
    for a peremptory writ of mandamus, requiring him to certify
    and report the collection of certain fees, which it is alleged that
    he has failed to report.  To this relation he filed his answer,
    controverting its principal allegations.  Subsequent to that
    time he filed a supplemental answer, alleging that since the fil-
    ing of his original answer his term of office had expired.  To
    this a general demurrer was interposed by the relator.  It was
    *Held*, That the facts stated did not constitute a defense, and the
    demurrer was sustained.

ORIGINAL application for mandamus.

*E. A. Fletcher*, for relator.

*James McNeny*, for respondent.

REESE, CH. J.

This is an application for a peremptory writ of manda-
mus to compel the county clerk of Franklin county to
report the fees collected by him during the term of his
office, in accordance with the provisions of section 43 of
chapter 28 of Compiled Statutes of 1887.

The relation was filed in this court on the 18th day of
October, 1887.

The answer was filed November 29, 1887, in which the
essential averments of the relation are denied.

On the 15th day of November, 1888, a supplemental
answer was filed, alleging that since the commencement of
the action, and since the filing of the former answer, the
term of office of the defendant as clerk of Franklin county
had expired, and that another person is now the incumbent

of said office, having been elected thereto as the successor of defendant, and having had exclusive charge and control of the office and the books thereof since the 7th day of January, 1888. To this supplemental answer a general demurrer has been filed.

It is insisted by defendant that the expiration of his term of office and the election of a successor, who has qualified and entered upon the discharge of the duties thereof, must abate this action.

In *The State, ex rel. Willard, v. Stearns*, 11 Neb., 104, the contrary rule was adopted by this court.

In *The State, ex rel. Reed, v. Ramsey*, 8 Neb., 286, it is said: "The issues in the case must be made upon the facts, rights, and duties of the parties as they existed at the time of the commencement of the suit, or, at the latest, at the time that they are actually joined; and it is apparent that if the foregoing views are correct, that the issue presented by the alternative writ, tried in view of the duties of the respondents as they existed at the date of its issuance, or at this time, would have to be decided in favor of respondents." See also 9 Wall., 298. 7 Id., 604.

The demurrer to the supplemental answer is therefore sustained.

JUDGMENT ACCORDINGLY.

THE other judges concur.