STATE OF NEBRASKA, EX REL. WAYNE COUNTY, v. STEPHEN B. RUSSELL.

STEPHEN B. RUSSELL v. STATE OF NEBRASKA, EX REL. WAYNE COUNTY.

FILED JUNE 3, 1897. NOS. 8950, 9095.

County Clerk: DUTIES: FEE BOOK: MANDAMUS. Under the provisions of chapter 28, Compiled Statutes, it is the duty of the county clerk to enter in the proper fee book a full statement of the several amounts paid him for his services as clerk of the board of county commissioners and for making out the tax lists during his incumbency of office, and the performance of these duties may be compelled in an action of *mandamus* brought by the county as relator after the expiration of the term of office of such clerk.

ERROR from the district court of Wayne county. Tried below before ROBINSON, J. *Reversed in part.*

*A. A. Welch,* for Wayne county.

*Charles Offutt* and *Frank Fuller,* for Stephen B. Russell.

RYAN, C.

On the application of Wayne county there was issued a peremptory writ of *mandamus* requiring the performance of certain acts by the respondent, who by his peti-

tion in error seeks the reversal of this judgment of the
district court of Wayne county.     On this petition in error
the cause numbered 9095, Russell v. State, ex rel. Wayne
County, was docketed in this court.     There was a refusal
to grant other relief sought, and from this part of the
judgment Wayne county has prosecuted error proceed-
ing in a cause numbered 8950, docketed in this court
under the title State, ex rel. Wayne County, v. Russell.
As both these proceedings arose out of a single action
prosecuted in the district court, the questions presented
will be considered in this court as being presented in a
single case.

In effect, it was recited in the alternative writ that
Wayne county had a population of less than 25,000, and,
until 1895, had less than 8,000 inhabitants; that the re-
spondent, Stephen B. Russell, at the general election
held in November, 1889, had been elected county clerk of
said county; that his term began January 9th, 1890; that
in November of 1891, 1893, and 1895, he had been re-
elected, and at the proper time in January following each
election said Russell had duly qualified, and for the terms
for which he had been elected had been county clerk as
aforesaid; that in January of each of the years 1892,
1893, 1894, 1895, and 1896, the county commissioners of
said county had allowed the sum of $400 for said years
respectively in favor of said Russell as clerk of such
board of county commissioners; that said Russell had
presented claims of which there had been an allowance
on which warrants had been issued for the whole of the
years 1892, 1893, 1894, 1895, and for the first two quar-
ters of 1896, and that no part of said salary had been
entered on the fee book required by law to be kept by said
clerk, neither had the same been reported to the board of
county commissioners, except the sum of $400 received
for the year 1892.     It was further, in substance, recited
in the alternative writ, that said county clerk, during
each of the years 1892, 1893, 1894, and 1895, had prepared
the tax lists of said county, and for his services in respect

thereto had presented bills, computed at four cents per line, to the aforesaid board for allowance for each of the four years last above mentioned; that each of said bills had been duly audited and allowed by said county board and in due course had been paid; that no part of said sums received for making said tax lists had been entered on the fee book of said county, neither had either sum been reported to the said board, nor had said clerk accounted therefor. It was also recited in the alternative writ that in January of each of the years 1892, 1893, 1894, and 1895, the said clerk had been allowed for each of the respective years for the employment of a deputy the sum of $700; that for each of said years, therefore, the said Russell was entitled to retain no more that $2,200, that is to say, his own salary of $1,500 per annum and $700, the salary of his deputy. The alternative writ required that the respondent should enter on the fee book of the county clerk of Wayne county for the years above noted the several amounts fully described as having been received by said clerk for preparing the tax lists, the amounts received for salary as clerk of said board, or, that on October 19, 1896, the respondent should appear and show cause why he refused to make the required entries. The respondent answered admitting that he had been elected and had served as clerk as above recited. He also admitted that he had been allowed and paid for services as clerk of the aforesaid board as recited in the alternative writ. He also conceded the correctness of the recitations that respondent had been paid for his services in preparing the tax lists of said county for the years described in the alternative writ. It was also admitted by the respondent that he had entered on the fee book neither the amounts paid him as clerk as above described nor the amounts received for preparing the tax lists of Wayne county. There was an admission that the respondent had been allowed salaries for his deputy as recited in the alternative writ. As to this item, there was no admission that the same had not been entered on

the fee book, hence, the general denial contained in the answer put that fact in issue. The cause was submitted and determined solely upon the pleadings, no evidence being introduced by either party.

It is clear there are presented two distinct subjects of inquiry in these proceedings, and these are: The duty of the county clerk to enter on the proper fee book, first, the compensation paid him for services as clerk of the board of county commissioners; and, second, his duty in that regard with respect to the compensation paid him for preparing tax lists each year. Before entering upon the discussion of these questions it may be proper to note that no pleading other than the writ and the answer is allowed. (Code of Civil Procedure, sec. 653.) An examination of the abstract of the writ hereinbefore made will show that only the questions above indicated are presented for review; hence there has been, and will be, omitted any consideration of other propositions than the two above stated. The district court held that the respondent was not required to enter on the fee book the amounts allowed him as compensation for services rendered as clerk of the board of county commissioners. To reverse this holding the county has prosecuted error proceedings to this court. The district court held that the compensation allowed and paid for making tax lists should have been entered on the fee book, and the correctness of this holding is questioned by the respondent.

The provisions of section 42, chapter 28, Compiled Statutes, in so far as they are applicable to the case under consideration, are, that every county clerk whose fees shall in the aggregate exceed the sum of $1,500 per annum shall pay the excess into the county treasury. It is required by section 43 of the chapter above noted that the county clerk shall, on the first Tuesday of January, April, July, and October of each year make a report to the board of county commissioners under oath showing the different items of fees received, from whom, at what time, and for what service, and the total amount of fees

received by such officer since the last report and also the amount received for the current year. It is provided by section 44 of the same chapter as follows: "Each of the officers named in section 1 of this act (being section 44, chapter 28, Compiled Statutes) shall keep a book, which shall be provided by the county and which shall be known as the fee book, and shall be a part of the records of such office, and in which shall be entered each and every item of fees collected, showing in separate columns the name of the party from whom received, the time of receiving the same, the amount received, and for what service the same was charged." Section 45, chapter 28, Compiled Statutes, prescribes a penalty for the failure to keep a correct account and make report of fees which ought to be collected, and section 46 provides what disposition shall be made of the fees paid into the county treasury conformably with the provisions of said chapter 28. One of the definitions of the word "fee," as given in Webster's International Dictionary, is: "Reward or compensation for services rendered or to be rendered; especially payment for professional services of optional amount, or fixed by custom or law; charge; pay; perquisite; as, the fees of lawyers and physicians, the fees of office, clerk's fees, sheriff's fees, marriage fees, etc." In the Century Dictionary the word "fee" has, among other definitions, that of "money paid or bestowed; payment; emolument." In Winfield's Adjudged Words & Phrases, it is said: "The meaning of the word 'fee' is, a recompense allowed by law to officers for their labor and trouble. (*Harbor-Master, etc., Mobile v. Southerland*, 47 Ala., 517.) Fees are a compensation allowed by law for specific services by an officer. (*Williams v. State*, 2 Sneed [Tenn.], 162.) The word 'fee' is used in two senses; in one, to denote the charges of the officer for his personal services; in the other—which is the more general and popular use—all the expenses attending the levy and included in it. (*Camp v. Bates*, 13 Conn., 9.)" It is quite evident that it is no misuse of the term to describe as fees the

recompense of the clerk for services rendered the board of county commissioners, or for making out tax lists of the county. As the clerk is by statute required to turn into the county treasury the excess over $1,500 for his services each year, there exists a good reason for requiring him to make under oath and enter in a fee book the several amounts which constitute the compensation which he is entitled to receive for services rendered as an officer. We therefore hold that it was the duty of the respondent to enter on the fee-book provided for that purpose the several amounts received by him as well for services as clerk of the board of county commissioners as in making out the tax lists of the county. (*Hazelet v. Holt County,* 51 Neb., 716.)

In view of what has already been said, it may be unnecessary to be more definite on this point, and yet, to avoid misapprehension, we choose to incur the risk of repeating by pointing out that there is not involved in this case the question of enforcing by *mandamus* the requirement of making payment. The cases of *Heald v. Polk County,* 46 Neb., 28, and *Bush v. Johnson County,* 48 Neb., 1, are therefore not in point. It was contended on the trial by the respondent that a demand had not been shown, but this showing was unnecessary in view of the fact that the clerk has refused to perform the duty required. His conduct amounts to a positive refusal, hence no demand of performance was necessary. (*State v. Baushausen,* 49 Neb., 558.) In respect to the contention that *mandamus* will not lie to compel an officer whose term has expired to perform a duty expressly enjoined by law, it is deemed proper to refer to *State v. Barnes,* 16 Neb., 36, wherein it was held that a district judge whose term had expired could be compelled to settle a bill of exceptions. Not only is the case cited in point, but it is obvious that if the clerk could not be compelled to report after his term had expired, there would be no remedy as to a failure to act at the expiration of the final quarter of each term. The right to this relief after

the expiration of a term of office was recognized in *State v. Cole,* 25 Neb., 342, *State v. Stearns,* 11 Neb., 104, *State v. Boyd,* 49 Neb., 303, and in other cases which might be cited. It is, however, urged that as a writ of *mandamus,* under the provisions of section 646, Code of Civil Procedure, can issue only on the information of the party beneficially interested, it should not issue in this case, because the county is not a party,—that is, is not a natural person. This is giving the statute a much narrower construction than the use of the word "party" justifies. This very question was considered and decided adversely to this contention in *State v. Kelly,* 30 Neb., 574, and a reference to the numerous cases brought on the relation of counties and school districts adds emphasis to the holding therein expressly announced.

The judgment of the district court is affirmed in so far as it required the respondent to enter in the proper fee book the several amounts of compensation received by him for making the tax lists of Wayne county. That part of the judgment which denied the right of the county to insist that the respondent should enter in the fee book the amount paid him for services rendered as clerk of the board of county commissioners is reversed, and the cause is remanded to the district court for further proceedings not inconsistent with the views above expressed.

JUDGMENT ACCORDINGLY.