Carolee Baskin DEAN, Appellant,

v.

The FIRST NATIONAL BANK OF ATHENS, Appellee.

No. 675.

Court of Civil Appeals of Texas, Tyler.

April 19, 1973.

Rehearing Denied May 10, 1973.

R. A. Renfer, Jr., Dumas, for appellant.

Jack T. Life, Athens, for appellee.

McKAY, Justice.

The appellee, The First National Bank of Athens, brought this suit against Wayne Dean and his wife Carolee Baskin Dean, seeking recovery on three notes executed by Wayne Dean to the bank, and seeking to subject certain real property, alleged to be community, located in Henderson County to the payment of the debt on the notes. The bank attached the property at the time the suit was filed, and asked for judgment against Wayne Dean for the amount due on the notes, and against Wayne Dean and Carolee Baskin Dean to subject the property to the payment of the debt and to foreclose the attachment lien.

Wayne Dean failed to appear or answer. Carolee Baskin Dean answered by specially denying that she signed the notes sued upon or that she was liable for them, and by general denial. Trial was had before the court without a jury, and judgment was rendered for $22,090.45 against Wayne Dean; the three notes were found to be community debts; the four tracts of land were found to be community property, and the bank's attachment lien was foreclosed on two of these tracts. From that judgment, Carolee Baskin Dean appeals.

Appellant brings two points by which she contends that (1) the trial court erred in holding the property in question was community property because in a divorce case between appellant and Wayne Dean, the District Court of Sherman County had rendered judgment that such property was the separate property of Carolee Baskin Dean, and (2) that the trial court also erred in holding that she was estopped to claim such property to be her separate property.

Carolee Baskin Dean filed a suit for divorce from Wayne Dean in Sherman County, Texas, the date of suit not being in the record. The bank filed suit in the instant case against both Deans in Henderson County on February 19, 1971. A divorce decree was rendered by the District Court in Sherman County on April 5, 1971, dissolving the marriage between Carolee Baskin Dean and Wayne Dean, and awarding and setting aside to Carolee Baskin Dean as her separate property the real estate involved in this case—a 108.27-acre tract and a 76.2-acre tract. The divorce judgment was not plead by appellant Dean, but during the trial a certified copy was introduced in evidence over the objection of the bank that such divorce judgment was rendered after the bank had brought suit against both Deans alleging the property to be community and attaching it, and that the bank was not a party to the divorce action and was not bound by it.

The trial court made and filed findings of fact and conclusions of law. It was found by the court that the three notes were signed by Wayne Dean for money borrowed from the bank to buy cattle; that two notes were secured by security agreements covering cattle and one note was unsecured; none of the notes was signed by Carolee Baskin Dean; that all negotiations with the bank for the loans were with Woodrow Walker, president of

the bank, who had known Wayne Dean in prior years when he lived in Henderson County; that Wayne Dean had moved to Stratford, Texas, several years prior to 1970, and had been living there with his wife, Carolee Baskin Dean. On several occasions prior to August 10, 1970, the date of the first note, Wayne Dean had informed Walker that he was buying several tracts of land in and moving back to Henderson County to engage in the cattle business. On August 10, 1970, Wayne Dean, accompanied by his wife, Carolee Baskin Dean, went into The First National Bank of Athens for the purpose of opening a joint bank account establishing credit and borrowing money; that representations were made on such occasion that Wayne Dean had purchased or contracted to purchase several tracts of land which were identified, and were the same tracts described in bank's petition, and that Wayne Dean had assets totalling $532,700.00 consisting of land, cattle, and other property which was described in detail and that his net worth was $408,300.00; that such representations were false and made to induce the plaintiff to extend credit to Wayne Dean and lend the money evidenced by the notes.

The trial court further found that such representations did in fact induce Walker to extend credit and make such loans, and, but for such representations Walker would not have made such loans; that Carolee Baskin Dean participated in such representations in that she was present, heard the same, did not object or protest or dispute any of such representations, and a financial statement was prepared in her handwriting which detailed such assets as represented and furnished the bank at Walker's request; that Carolee Baskin Dean benefitted by such representations in that they induced Walker to make the loans, the proceeds of which were community property and were deposited in the joint account; that the notes sued on by the bank were community debts; that the four tracts of land described in bank's petition and which

were attached by bank were all taken in the name of Wayne Dean and wife, Carolee Baskin Dean, and recited that the consideration was paid by them; (two of the four tracts were disposed of by foreclosure and sale before judgment) that such tracts were community property of Wayne Dean and wife, Carolee Baskin Dean, for all purposes of the lawsuit; that there is no evidence that Carolee Baskin Dean filed any schedule of her separate property in Henderson County as contemplated by Sec. 5.03 of the Family Code, V.T.C.A.; that the bank had no notice that any of the property attached by it was the separate property of Carolee Baskin Dean, if it was, and had no reason to believe it was not the community property of Wayne and Carolee Baskin Dean.

Other findings by the court were that the bank was not a party to the divorce suit; that Carolee Baskin Dean did not assert *res judicata* as a defense nor did she plead the divorce judgment as a bar or as an estoppel as required by Rule 94, Texas Rules of Civil Procedure; that the divorce judgment was obviously obtained by collusion to defraud the bank and defeat its efforts to collect its notes and subject the property attached to the payment of the notes.

Conclusions of law made by the trial court were (1) that the bank was entitled to a personal judgment on the notes sued on against Wayne Dean; (2) that Carolee Dean is not personally liable on the notes; (3) that the debts evidenced by the notes were the community debts of Wayne and Carolee Baskin Dean; (4) that the property attached was and is community property of Wayne and Carolee Baskin Dean for all purposes of this suit, and the bank is entitled to subject said property to the payment of the debts; (5) that the Writ of Attachment created a valid attachment lien against the property; (6) the attachment lien still exists and is in full force and effect and is a valid and subsisting attachment lien as to the 108.27-acre tract and the 76.2-acre tract, and the bank is entitled

to judgment against both Wayne Dean and Carolee Baskin Dean foreclosing its attachment lien on said tracts; (7) that the bank had the right to assume that the property was community property since no schedule of separate property had been filed by Carolee Baskin Dean in Henderson County, and the bank occupied the position of "creditor without notice," (8) that since the bank was not a party to the divorce suit, judgment in which was entered April 5, 1971, long after this suit was filed and the property attached, the bank was not bound by such judgment or by any of its findings; (9) that since Rule 94 requires the defense of res judicata must be affirmatively pled, and Carolee Baskin Dean did not plead res judicata nor did she plead the divorce judgment either as a bar or as an estoppel in this suit, such plea was not available to her and she waived the benefits, if any, of such pleas or doctrines; (10) that Carolee Baskin Dean is estopped from claiming in this suit that the property attached by the bank is her separate property and not community property subject to the payment of the community debt to the bank.

At the request of appellant, Carolee Baskin Dean, the trial court made additional findings that on August 10, 1970, the representations were made orally by Wayne Dean in the presence of Carolee Baskin Dean who did not contest, protest or dispute such representations, and that Walker had no knowledge or reason to believe such representations to be false, and if any of the property is the separate property of Carolee Baskin Dean, then the representations to that extent were false; that the financial statement presented to the bank was in the handwriting of Carolee Baskin Dean and both it and the typewritten copy made by bank employees purported to be financial statement of Wayne Dean and not Wayne Dean and wife, Carolee Baskin Dean, and was signed by Wayne Dean only; that the handwritten financial statement indicated on the back that the acquisition of the real estate was obtained in part by gift and in part by purchase; that Walker had no reason to believe that any of the property listed on the financial statement was the separate property of Carolee Baskin Dean, if it was in fact; that the bank was not a party to the divorce suit, and was neither a necessary or proper party to it, and was not bound by the divorce judgment.

Additional conclusions filed by the trial court at appellant's request were (1) that the bank had a right to intervene in the divorce case in Sherman County if it had notice of such suit, but it had no legal obligation or requirement to do so, and since it was not made a party to the suit, its rights in this suit were not prejudiced thereby; (2) that since Carolee Baskin Dean did not plead res judicata, or affirmatively plead the divorce judgment either as a bar or an estoppel, the divorce judgment was not available to her as a defense in this case; (3) that it was not necessary for the bank to attack the divorce judgment either directly or collaterally, and since the bank was not a party to it, it was not bound by it.

Appellant says that this court must determine whether the contentions made by the bank and found by the trial court constitute a valid attack on a final judgment of a court of competent jurisdiction.

█ In the situation presented here the bank as plaintiff brought suit against the husband, Wayne Dean, on his notes owed to the bank, and attached the real property involved here alleging that it was community property (and so found to be by the trial court), and during the trial a certified copy of a divorce judgment of a district court was introduced which set aside to the wife, Carolee Baskin Dean, as her separate property, the same tracts of land. The divorce judgment was not pled by appellant as res judicata, as a bar or estoppel to the bank's suit, and the bank was not a party to the divorce suit. The question then arises: What effect does the divorce judgment have on the case at bar? When

the divorce judgment holding that the property involved here is the separate property of appellant is admitted in the trial as an exhibit does the bank's suit to foreclose its attachment lien become a forbidden collateral attack upon the divorce judgment? We think not.

In the first place we think the divorce judgment should not have been admitted into evidence. Appellant did not plead the divorce judgment as an affirmative defense as required by Rule 94, T.R. C.P. The rule says that affirmative defenses, including estoppel and res judicata, "shall" be "set forth affirmatively." In failing to plead an affirmative defense as required appellant waived such defense. Chapman v. Tyler Bank & Trust Co., 396 S.W.2d 143 (Tex.Civ.App.-Tyler 1965, wr. ref'd. n. r. e.); Petroleum Anchor Equipment, Inc. v. Tyra, 419 S.W.2d 829 (Tex. 1967). Generally, a judgment, or the record of it, is inadmissible as proof of something alleged to have been decided by it against one who was not a party to the suit. Barton v. Lary, 295 S.W. 947 (Tex. Civ.App.-Eastland, 1927, wr. dis.); Wiggins v. Holmes, 39 S.W.2d 162 (Tex.Civ. App.-Waco, 1931, wr. ref.); 34 Tex.Jur.2d 665, Sec. 557.

Secondly, the general rule is that the rights of persons can be determined only in some proceeding to which they are parties. Stated another way, a judgment is not binding upon those who were not parties thereto or who are not in privity thereto. Kirby Lumber Corp. v. Southern Lumber Co., 145 Tex. 151, 196 S.W.2d 387 (1946); Lobit v. Crouch, 293 S.W.2d 110 (Tex.Civ.App.-Austin, 1956, wr. ref'd. n. r. e.).

It is stated in the late case of Henry S. Miller Co. v. Evans, 452 S.W.2d 426 (Tex.1970) at p. 433:

"Miller contends that the judgment in the divorce action between Joseph and Nancy Shoaf, reciting that there was certain community property and that the parties had voluntarily agreed to a partition of the same, was a judicial determination that the Amanda Street property was community property and that any issue of whether the property is community property or separate property is res judicata. *It is clear that the divorce decree would not be res judicata in this proceeding regarding Miller and the Sheriff, because neither of them was a party to the prior divorce action.*" (Emphasis added)

Appellant here admits that res judicata is not in this case because the parties are not the same, but she seeks to reverse the trial court judgment because of the divorce decree. We think the rule applicable here is the same as stated in the Henry S. Miller case above, i.e., the bank was not a party to the divorce suit and not bound by the judgment.

Thirdly, if the divorce judgment is being attacked here there are circumstances where a judgment which is not void may be attacked collaterally by one who was not a party but whose interests were affected by such judgment. The record here brings this case under the rule set forth in 34 Tex.Jur.2d 165, Judgments, Sec. 259, p. 167:

" * * * when one who has an interest in the subject matter of an action to which he was not made a party finds that he suffers injury by the judgment rendered, he may assail it collaterally insofar as it is prejudicial to him. Thus any person having an interest in land, such as an owner, a co-tenant, or a person in lawful possession, who was not made a party to a suit involving the land, may collaterally assail the judgment rendered therein whenever he deems it proper to do so. The same right accrues to the holder of a junior lien who has been ignored in an action foreclosing a prior lien on the same prop-

erty, or a creditor whose rights are prejudiced by a judgment obtained for the purpose of delaying, hindering or defrauding him.

It is apparent, therefore, that the ordinary rule of permitting collateral attack by a party to prevail only in the event that he can show the judgment to be absolutely void for want of jurisdiction has no application when the attack is launched by an interested third person. On the contrary, such a person may assail the judgment on any ground that a party thereto could urge on a direct attack. And he is not obliged, as is a party, to prove by the record that the judgment is a nullity." (See Magnolia Petroleum Company vs. Kibbe, 235 S.W.2d 735 (Tex.Civ.App.-San Antonio, 1950, wr. ref. n.r.e.); Texas Soap Mfg. Corp. vs. McQueary, 172 S.W.2d 177, (Tex. Civ.App.-El Paso, 1943, no writ) and other cases cited in text.)

In Meyer v. Wichita County Water Imp. Dists. Nos. 1 & 2, 265 S.W.2d 660 (Tex.Civ.App.-Fort Worth, 1954, wr. ref. n.r.e.), it is stated at page 665:

> "One not party to a suit is not bound by the judgment entered upon it and has the option of vacating it by direct proceedings or else to treat it as void in any collateral proceeding where rights might be asserted against him by reason of the same. * * *"

Appellant's first point is overruled.

As to appellant's second point, we are of the opinion that the trial court's conclusion of law that appellant was estopped from claiming as against the bank that the property attached was her separate property is not borne out by the record. Appellant's second point is sustained, but such ruling does not alter the outcome of the case.

Judgment of the trial court is affirmed.