**Jack GRYNBERG, et al., Appellants,**

v.

**Eric CHRISTIANSEN, et al., Appellees.**

**No. 05–86–00252–CV.**

Court of Appeals of Texas,
Dallas.

Feb. 27, 1987.

Henry Seelingson, Dallas, for appellants.

John Broude, Janna Ward, Fort Worth, for appellees.

Before WHITHAM, STEWART and ROWE, JJ.

STEWART, Justice.

Jack Grynberg, Celeste Grynberg, and Grynberg Petroleum Company (Grynberg) sought to enforce in Texas a domesticated Colorado default judgment against Eric Christiansen by filing a notice to take deposition of a nonparty, Jorgen Christiansen. After failing to appear for the deposition, Jorgen filed a motion to modify subpoena duces tecum in which he alleged that his father, Eric Christiansen, against whom the default judgment was rendered, was

never served with a summons. The trial court declared the Colorado judgment void and vacated the action to enforce it in Texas. On appeal, Grynberg argues that Jorgen had no standing to challenge the judgment. We agree; accordingly, we reverse.

At the hearing on Jorgen's motion, Jorgen testified that his father, Eric, was a resident of Belgium and was not served in the Colorado case. Jorgen further testified that Eric had not resided in the United States during the past five years; that the address at which Eric was purportedly served was not Eric's residence, but Jorgen's; that Eric was not in the United States on or about June 6, 1984; that it was impossible for Eric to have been in the United States at that time because Jorgen's daughter was born near that date and Jorgen remembered telephoning his father regarding her birth; and that Eric had not been in the United States for five or six months before his daughter's birth.

For his part, Grynberg supported the domesticated judgment with properly authenticated documentary evidence from the Colorado court certifying the Colorado judgment, which recited personal service on Eric Christiansen. Additionally, Grynberg offered an affidavit by Deputy Sheriff John Scott, stating that on June 4, 1984, he personally served a person who identified himself as Eric Christiansen at Jorgen's residence in Plano.

At the conclusion of the hearing, the trial court found that Eric was outside the United States on June 4, 1984, and was not served with summons in the Colorado case. Pursuant to those findings, the trial court held that the Colorado judgment was void and vacated Grynberg's action to enforce the judgment in Texas.

Grynberg brings twelve points of error. The first three argue that the trial court committed error because there was no evidence that Jorgen had standing to attack the judgment. The next three argue that there was insufficient evidence of Jorgen's standing, and points of error seven through twelve address the question of whether or not Eric was properly served. For the reasons given below, we hold that there was no evidence that Jorgen had standing to attack the judgment. Thus, we need not address Grynberg's remaining points of error.

The appellate court must, in reviewing a no evidence point, consider only the evidence and inferences therefrom that support findings while rejecting all evidence and inferences to the contrary. *Butler v. Hanson,* 455 S.W.2d 942 (Tex.1970). Regarding Grynberg's no evidence points, Grynberg contends that Jorgen was neither a party to the Colorado judgment nor a person who has or would have been affected by the enforcement of the judgment in Texas. Grynberg argues that there was no evidence offered to support this nonparty's standing to attack the domesticated judgment; consequently, the trial court erred in allowing Jorgen to challenge the Colorado judgment absent evidence that he was a person whose interests were directly affected by the enforcement of the judgment.

Jorgen responds that he was brought before the trial court by means of a subpoena duces tecum and a notice of intention to take oral deposition in aid of judgment, which ordered him to attend oral depositions and to produce voluminous documents to Grynberg's attorney's office in Fort Worth, and as Jorgen lives in Plano and maintains an office in Richardson, his having to search for voluminous records, to produce them at an office outside his own county of residence and place of business, and his having to attend an oral deposition, are burdensome tasks. Therefore, concludes Jorgen, he is directly affected by the judgment and has standing to collaterally attack it.

■ A person who is not a party to a judgment may collaterally attack the judgment only if his interests were affected by the judgment. *Dean v. First National Bank of Athens,* 494 S.W.2d 222, 226 (Tex. Civ.App.—Tyler 1973, writ ref'd n.r.e.). Thus, the issue presented is whether the "burdensome tasks" imposed by the deposition notice and the subpoena duces tecum constitute an interest in Jorgen that the

law protects from the enforcement of this judgment. We hold that they do not.

 The law is clear that the interest affected must be substantial to justify the challenge of a valid judgment by a third party stranger to the judgment. Examples of nonparties whose interests are affected by a judgment are persons having an interest in land (such as an owner, a cotenant, or a person in lawful possession) who are not made a party to an action involving the land. They may collaterally attack the judgment. Other examples are the holder of a junior lien who has been ignored in a suit foreclosing a prior lien on the same property, and a creditor whose rights are prejudiced by a judgment pursued for the purpose of delaying, hindering, or defrauding the creditor. *Id.* at 226–27 (quoting 34 TEX JUR 2d *Judgments* § 259 (1962)).

 Elaborating on the above exception, the Austin Court of Appeals stated that a nonparty's rights must be *directly* and *necessarily* affected before the nonparty may intervene after the judgment and have his rights protected. *Standard Oil Co. v. State*, 132 S.W.2d 612, 614 (Tex.Civ.App.—Austin 1939, writ dism'd judgment cor.). Thus, in reviewing the cases, it becomes apparent that having an "interest affected by the judgment" means having an interest in the subject matter to which the judgment relates. When the judgment deprives an owner of his property or a creditor of his lien without first joining the owner or creditor in the suit, such nonparty may collaterally attack the judgment in order to protect his interest in the property. *State Mortgage Corp. v. Traylor*, 120 Tex. 148, 36 S.W.2d 440 (1931); *Dean v. First National Bank of Athens*, 494 S.W.2d at 226; *Standard Oil Co. v. State*, 132 S.W.2d at 614.

 In the present case, Jorgen's only asserted interest is his interest in avoiding the inconvenience of attending oral depositions and producing documents. This is not the type of interest of which the cases speak. If it were, every witness who was inconvenienced by an order to attend an oral deposition would have standing to collaterally attack the judgment to which the oral deposition relates. We hold that there was no evidence supporting Jorgen's standing to challenge the judgment. Accordingly, we sustain Grynberg's first three points of error.

The judgment of the trial court is reversed. It is ordered that the action to enforce the Colorado judgment be reinstated in the court below. The cause is remanded for further proceedings in accordance with this opinion.