**AFFIRM; and Opinion Filed August 6, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00730-CV

**TFHSP SERIES LLC, SERIES 03, Appellant**
**V.**
**MIDFIRST BANK, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-11478-L**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

This is a title dispute between MidFirst Bank, a first lien deed of trust assignee (which purchased the property at a foreclosure sale), and TFHSP Series LLC, Series 3, a later purchaser at a homeowners association lien foreclosure sale. TFHSP claims that it acquired superior title over MidFirst by suing only Alethes, LLC, which was the original first lien owner,—after the assignment occurred—and obtaining a default judgment against Alethes (i) declaring that TFHSP owns the disputed property in fee simple free and clear of any liens and (ii) cancelling the deed of trust. However, MidFirst later sued TFHSP and obtained a summary judgment declaring that MidFirst's title prevails over TFHSP's claimed title.

TFHSP appeals, raising a single issue arguing that the trial court erred by ruling as a matter of law that the default judgment in the preceding case setting aside the deed of trust was

void. TFHSP's appellate arguments focus on the premise that the first lien deed of trust assignee's suit was solely a bill of review proceeding attacking the underlying default judgment and that MidFirst failed to prove as a matter of law all of the elements needed to prevail in a bill of review proceeding.

But we conclude that MidFirst's suit was a collateral attack on the underlying judgment. Moreover, TFHSP has not on appeal contested all of the grounds that MidFirst raised in its summary judgment motion. Accordingly, based on the *Malooly*[1] doctrine, we affirm.

## I. BACKGROUND

### A. Facts.

We draw these facts from TFHSP's allegations in its live pleading and the summary judgment evidence:

The property at issue is a residential property in Mesquite, Texas. In 2006, the property owners executed a note in favor of Alethes, LLC. This note was secured by a first lien deed of trust. Alethes assigned the note and related deed of trust to MidFirst in January 2011.

The property was also part of a homeowners association. The HOA's declaration of covenants, conditions, and restrictions required the owner to pay certain assessments. The declaration also provided that unpaid assessments would become a continuing lien on the property, but that the lien "shall be expressly subordinate to the lien of any first lien mortgage on any Lot."

The property owners defaulted on the note, and MidFirst bought the property at a foreclosure sale on May 1, 2012.

---

[1] *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119 (Tex. 1970).

During the MidFirst foreclosure process, the HOA foreclosed on its lien on the property for unpaid assessments. TFHSP bought the property at the HOA's foreclosure sale on October 4, 2011.

In early 2012, TFHSP sued Alethes, but not MidFirst, seeking a declaration that TFHSP's purchase of the property extinguished the deed of trust. In April 2012, TFHSP obtained a no-answer default judgment against Alethes. The default judgment decreed that TFHSP owned the property in fee simple and held title to it "not subject to any lien or encumbrance, save for taxes and assessments." The Alethes default judgment also decreed that the subject deed of trust "is hereby terminated, discharged, and unenforceable." That is, TFHSP's default judgment against Alethes purported to terminate MidFirst's first lien deed of trust and give TFHSP clear title to the property otherwise subject to that deed of trust notwithstanding the declaration's unambiguous clause stating that the HOA assessment lien is subordinate to any first lien mortgage on the lot.

## B.     Procedural History.

MidFirst sued TFHSP in late 2012, and the case was transferred to the trial court that had rendered TFHSP's default judgment against Alethes. MidFirst's suit asserted claims:

(1) for a declaratory judgment that TFHSP's default judgment was void and that MidFirst holds clear title to the property,

(2) to quiet title,

(3) for trespass to try title,

(4) for theft of property, and

(5) for attorneys' fees.

TFHSP answered, and MidFirst moved for summary judgment on all claims in its petition. In support of that motion, MidFirst argued that (i) TFHSP's default judgment against

–3–

Alethes was void; (ii) MidFirst had a superior lien and was entitled to a judgment that it holds clear and superior title to the property; and (iii) TFHSP's acts constituted theft of property.

Regarding its argument that the underlying default judgment was void, MidFirst asserted three grounds: (i) the trial court lacked personal jurisdiction over Alethes due to defective service of process; (ii) TFHSP's pleadings were insufficient to support the default judgment; and (iii) the trial court lacked subject matter jurisdiction over the *TFHSP v. Alethes* case because Alethes assigned its note and deed of trust to MidFirst before TFHSP sued Alethes and, as a consequence, there was then no existing dispute between TFHSP and Alethes and that case was moot.

TFHSP's summary judgment response argued that MidFirst's suit was in reality a bill of review and that MidFirst's motion failed in that context because (i) MidFirst failed to show defective service of process on Alethes in the underlying case; (ii) TFHSP's pleadings against Alethes were sufficient; and (iii) there was no evidence that TFHSP procured its default judgment against Alethes by fraud or mistake. TFHSP's response, however, did not address MidFirst's mootness argument.

The trial court granted MidFirst's motion. The resulting summary judgment decreed that (i) the April 2012 default judgment against Alethes was void, (ii) MidFirst was the property's sole rightful owner, and (iii) MidFirst's foreclosure was proper and extinguished TFHSP's "junior lien." TFHSP appealed.[2]

On appeal, TFHSP asserts a single issue arguing that the trial court erred in finding as a matter of law that TFHSP's default judgment against Alethes in the preceding case was void. For the reasons discussed below, we affirm.

---

[2] MidFirst did not cross-appeal from the trial court's denial of MidFirst's attorneys' fees claim.

## II. ANALYSIS

### A. Standard of Review.

We review a summary judgment de novo. *Smith v. Deneve*, 285 S.W.3d 904, 909 (Tex. App.—Dallas 2009, no pet.). When we review a summary judgment in favor of a plaintiff, we determine whether the plaintiff established every element of its claim as a matter of law. *Anderton v. Cawley*, 378 S.W.3d 38, 46 (Tex. App.—Dallas 2012, no pet.).

### B. TFHSP's Issue: Was MidFirst's claim for a declaration that the default judgment was void asserted as a bill of review, and did MidFirst carry its burden of proof?

TFHSP asserts that the trial court erred by granting summary judgment that TFHSP's default judgment against Alethes was void. TFHSP argues that MidFirst's suit was in substance a bill of review, and MidFirst did not conclusively prove either (i) improper service on Alethes or (ii) two of the three ordinary elements of a bill of review.

MidFirst responds that its suit was not a bill of review because it was not a party to the default judgment in question. According to MidFirst, only parties to a judgment can attack it by bill of review.

#### 1. Applicable Law: Bills of Review and Collateral Attacks.

A bill of review is an equitable proceeding to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or a direct appeal. *Mabon Ltd. v. Afri–Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam). A bill of review is a "direct attack" on a judgment. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012). Ordinarily, a bill of review involves an independent action by party to the former case. *Id.* at 270 n.1. A nonparty, however, has standing to bring a bill of review if it had a then-existing legal right or interest that was prejudiced by the prior judgment. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010).

On the other hand, a collateral attack is an attempt to avoid a judgment's binding effect in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but to obtain some specific relief that the prior judgment stands as a bar against. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). Only void judgments can be collaterally attacked. *Id.* A judgment is void only if the rendering court had no jurisdiction over the parties or property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act. *Id.* Although a judgment is presumed valid in a collateral attack, that presumption disappears if the record establishes a jurisdictional defect. *PNS Stores*, 379 S.W.3d at 273. The record affirmatively demonstrates a jurisdictional defect sufficient to void a judgment if it (1) establishes that the trial court lacked subject matter jurisdiction over the suit, or (2) exposes such personal jurisdictional deficiencies as to violate due process. *Id.*

A nonparty to a judgment can collaterally attack the judgment if the judgment directly and necessarily affects the nonparty's rights. *Grynberg v. Christiansen*, 727 S.W.2d 665, 667 (Tex. App.—Dallas 1987, no writ). For example, if a judgment deprives a creditor of its lien but the creditor was not joined in the suit, the creditor can collaterally attack the judgment to protect its interest in the property. *Id.*; *see also Sec. State Bank & Trust v. Bexar Cnty.*, 397 S.W.3d 715, 721–24 (Tex. App.—San Antonio 2012, pet. denied) (nonparty lienholder could collaterally attack tax delinquency judgment and foreclosure sale because lienholder was given no notice of tax delinquency lawsuit).

A party can argue that a judgment is void in either a bill of review or a collateral attack. *See PNS Stores*, 379 S.W.3d at 271 ("It is well settled that a litigant may attack a void judgment directly or collaterally . . . .").

### 2. Application of the Law to the Facts.

#### a. MidFirst's suit was a collateral attack.

Contrary to MidFirst's contention that its suit could not be a bill of review proceeding because MidFirst was not a party to the preceding suit that produced TFHSP's default judgment against Alethes, a nonparty has standing to bring a bill of review if it had a then-existing right or interest that was prejudiced by the prior judgment. *See Frost Nat'l Bank*, 315 S.W.3d at 502. MidFirst claimed it had an interest in the property at the time of the default judgment, so MidFirst would have had standing to bring a bill of review, if that had been what it did.

On the facts of this case, though, we conclude that MidFirst's suit is a collateral attack, rather than a bill of review, for two reasons:

First, Alethes is a necessary party to a bill of review to set aside the default judgment, and MidFirst did not join Alethes. *See Hunt v. Ramsey*, 345 S.W.2d 260, 264 (Tex. 1961) ("It is the general rule that where a proceeding is instituted to vacate and set aside a judgment, the parties to the judgment must be made parties to such proceeding; and unless this is done, the attack is a collateral one."); *accord HSBC Bank USA, N.A. v. Watson*, 377 S.W.3d 766, 778 (Tex. App.—Dallas 2012, pet. dism'd).

Second, MidFirst sought to avoid the default judgment's otherwise binding effect to obtain other relief that the judgment impeded—such as a declaration that MidFirst holds clear title to the property and damages for TFHSP's alleged theft of property.

Thus, MidFirst's attack on the judgment is a collateral attack, not a bill of review. *See PNS Stores*, 379 S.W.3d at 272 ("A collateral attack seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes.").

–7–

**b.      TFHSP did not challenge every ground supporting the trial court's summary judgment favoring MidFirst.**

TFHSP next argues that the trial court erred by granting summary judgment sustaining MidFirst's attack on the default judgment. We conclude that TFHSP has failed to challenge every independent ground on which the summary judgment could have been based.

As we have already noted, MidFirst's summary judgment motion asserted three grounds to support the premise that the default judgment was void: (i) lack of personal jurisdiction over Alethes, (ii) inadequate pleadings to support the default judgment, and (iii) lack of subject matter jurisdiction because the TFHSP–Alethes controversy was moot. Although TFHSP's appellate issue broadly asserts that the trial court erred by ruling that the default judgment was void, TFHSP's appellate argument attacks only the first two grounds.

An appellant must challenge every ground on which summary judgment could have been granted. *See Malooly Bros.*, 461 S.W.2d at 121. If an appellant does not challenge every independent ground on which a summary judgment could have been granted, we must uphold the summary judgment based on the unchallenged ground. *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied). Although an appellant may assert a general issue that the trial court erred by granting summary judgment, as TFHSP did here, the appellant must also provide argument within that issue sufficient to challenge all grounds on which the summary judgment could have been based. *See id*. at 313 n.8; *see also Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 875 (Tex. App.—Dallas 2005, no pet.) ("[A] reviewing court will affirm the summary judgment as to a particular claim if an appellant does not present *argument* challenging all grounds on which the summary judgment could have been granted." (emphasis added)).

TFHSP has presented no argument challenging MidFirst's mootness ground for summary judgment. Accordingly, we must affirm the summary judgment sustaining MidFirst's attack on

–8–

the default judgment. Because TFHSP has not challenged any other aspect of the summary judgment, such as the declarations that MidFirst is the sole rightful owner of the property and that its foreclosure of its lien extinguished TFHSP's lien, our conclusion disposes of this appeal.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment favoring MidFirst.


/Bill Whitehill/
BILL WHITEHILL
JUSTICE


140730F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TFHSP SERIES LLC, SERIES 03,
Appellant

No. 05-14-00730-CV     V.

MIDFIRST BANK, Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-11478-L.
Opinion delivered by Justice Whitehill.
Justices Francis and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MIDFIRST BANK recover its costs of this appeal from appellant TFHSP SERIES LLC, SERIES 03.

Judgment entered this 6th day of August, 2015.