ACCEPTED
04-14-00751-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/9/2015 4:47:15 PM
KEITH HOTTLE
CLERK

**No. 04-14-00751-CV**

IN THE COURT OF APPEALS
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/9/2015 4:47:15 PM
KEITH E. HOTTLE
Clerk

JOSEFINA ALEXANDER GONZALEZ, ET AL.,

Appellants

v.

RAYMOND S. DE LEON II, ET AL.,

Appellees

## APPELLANTS' MOTION FOR REHEARING

Barry Snell
State Bar No. 18789000
David C. "Clay" Snell
State Bar No. 24011309
BAYNE, SNELL & KRAUSE
1250 N.E. Loop 410, Suite 725
San Antonio, Texas  78209
Tel:  (210) 824-3278
Fax: (210) 824-3937
Email: bsnell@bsklaw.com
Email: dsnell@bsklaw.com

Eduardo Romero
State Bar No. 24056227
Victor Villarreal
State Bar No. 24058160
VILLARREAL & ROMERO, PLLC
201 W. Del Mar Blvd., Suite 15
Laredo, Texas 78041
Tel: (956) 727-2402
Fax: (956) 727-2404
Email: romero@vrlawfirm.com
Email: villarreal@vrlawfirm.com

Jesus M. Dominguez
State Bar No. 00798151
ATTORNEY & COUNSELOR AT LAW
201 W. Hillside Road, Suite 17
Laredo, Texas 78041
Tel: (956) 728-1477
Email: (956) 728-1491

ATTORNEYS FOR APPELLANTS

**No. 04-14-00751-CV**

IN THE COURT OF APPEALS
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

JOSEFINA ALEXANDER GONZALEZ, ET AL,

Appellants

v.

RAYMOND S. DE LEON II, ET AL,

Appellees

**APPELLANTS' MOTION FOR REHEARING**

**TO THE HONORABLE FOURTH COURT OF APPEALS:**

Josefina Alexander Gonzalez, by and through her Co-Attorneys-in-Fact, Judith Zaffirini, David H. Arredondo, and Clarissa N. Chapa; Judith Zaffirini, David H. Arredondo, and Clarissa N. Chapa, as Independent Co-Executors of the Estate of Delfina E. Alexander, Deceased, and as Co-Trustees of the Rocio Gonzalez Guerra Exempt Trust; Alexander Residential Development, LP; Alexander Commercial Development, LP; Alexander Retail Development, LP; D&J Alexander Construction, LP; D&J Alexander Management, LP; Delfina E. and Josefina Alexander LLC-1; and Delfina and Josefina Alexander Family Limited Partnership, Appellants, file this Motion for Rehearing, and respectfully show as follows:

# Table of Contents

**PAGE**

Table of Authorities …………………………………………………………………..iv

Issues Presented for Review………………………………………………………………1

Summary of the Argument ……………………………………………………….2

Argument

     I.      The Court erred in concluding that Appellants, as
           Attorneys-in-Fact of Josefina Gonzalez, did not having
           standing because, as representatives of the settlor, they
           clearly were "affected by the administration of the trust"…………………....3

     II.     The Court erred in concluding that the Alexander Limited
           Partnerships were not affected by the administration
           of the Family Trust because there is no distinction between
           administration of the Trust and its role as a limited partner
           in the Alexander Limited Partnerships………………………………………..6

     III.    The Court was incorrect in concluding that the portion
           of the judgment directing Appellants to produce documents
           was insufficient to give them standing to attack the judgment ..……………8

Conclusion and Request for Relief………………………………………………..9

Certificate of Service…………………………………………………………….10

# Table of Authorities

**CASES**                                                                                                    **PAGE**

*Carr v. Carr*,
   71 N.W. 785, 786 (IA. 1919) ……………………………………………………….5

*Faulkner v. Bost*,
   137 S.W.3d 254, 259 (Tex.App.—Tyler 2004, no pet.) ……………………………..3,6

*Grynberg v. Christiansen*,
   727 S.W.2d 665, 666-67 (Tex.App.—Dallas 1987, no pet.)…………………………2,8,9

*HSBC Bank USA, N.A. v. Watson*,
   377 S.W.3d 766, 774-75 (Tex. App.—Dallas 2012, pet. dism'd)……………………….5

*Ray Malooly Trust v. Juhl*,
   186 S.W.3d 568, 570 (Tex. 2006)……………………………………………………6

*Rosenblatt v. Birnbaum*,
   212 N.E.2d 37, 40-41 (N.Y. Court App. 1965) ……………………………………….5


**STATUTES**

Tex. Prop. Code § 111.004(7) …………………………………………………………….3,4

Tex. Prop. Code § 112.054…………………………………………………………1,2,3,4

Tex. Prop. Code § 112.054(b) …………………………………………………………….5,6

## Issues Presented for Review

1.      Whether the Court was incorrect in concluding that Appellants lacked standing as attorneys-in-fact for Josefina Alexander Gonzales when Section 112.054 of the Texas Property Code specifically requires the court to consider her intent in deciding whether to reform a trust or appoint a new trustee.

2.      Whether the Court was incorrect in concluding that Appellants lacked standing as the Alexander Limited Partnerships when the Order appointing DeLeon gave him control of the limited partner and gave him the ability to take various actions with regard to the partnership.

3.      Whether the Court was incorrect in concluding that Appellants lacked standing to attack a judgment that required them to produce confidential financial information, which information Josefina was duty bound to protect.

## Summary of the Argument

The Court was incorrect in concluding that Appellants, as attorneys-in-fact of Josefina Alexander Gonzales, lacked standing. Section 112.054 of the Texas Property Code specifically requires the court to consider the "probable intention" of the settlor before reforming a trust or appointing a new trustee. Josefina Alexander Gonzales, one of the settlors of the trust, was alive at the time the court reformed the trust and appointed DeLeon trustee. Any person "affected by the administration of a trust" has standing to complain of the action. The appointment of a new trustee and reformation of the trust clearly constitutes "administration" of the trust. Therefore, Josefina, as settlor, was affected by the order appointing DeLeon trustee and reforming the Trust.

The Court was further incorrect in concluding that Appellants, as the Alexander Limited Partnerships, lacked standing. The Court was incorrect in concluding there is distinction between the administration of the Trust and the Trust's service as limited partner. Any decision DeLeon makes as limited partner concerning the Partnership necessarily constitutes "administration of the trust." The Alexander Limited Partnership is clearly affected by DeLeon's decisions in that DeLeon has brought suit against the Partnership.

Finally, the Court was incorrect in concluding that the portion of the judgment that ordered Appellants to produce records did not confer standing upon them to challenge the judgment. Unlike the judgment in the *Grynberg* case, the judgment in this case specifically imposed various duties upon appellant, which could potentially have exposed Appellants to contempt charges. Accordingly, Appellants have a significant interest affected by the judgment.

**I.**  **The Court erred in concluding that Appellants, as Attorneys-in-Fact of Josefina Gonzalez, did not having standing because, as representatives of the settlor, they clearly were "affected by the administration of the trust."**

In concluding that Appellants, as Co-Attorneys-in-Fact and Co-Executors of Delfina and Josefina Alexander Gonzalez, were not affected by the administration of the Family Trust, this Court reasoned that Appellants, who stand in the shoes of the original settlors of the Family Trust, "do not manage any aspects of the Family Trust and do not stand to inherit any of the Trust assets." Memorandum Opinion, at 10. This Court further reasoned that "how the Family Trust is administered has no impact on Gonzalez's abilities to fulfill her duties as Co-Attorneys-in-Fact or Administrator of Delfina's Estate." *Id.* However, in reaching this conclusion, the Court did not consider and did not address the argument Appellants raised in the trial court and on appeal that Tex. Prop. Code § 112.054 specifically requires the Court to consider the probable intention of the settlor in deciding whether to reform or modify a trust.

As this Court correctly acknowledged, Section 111.004(7) of the Texas Property Code defines an "interested person" to include "any person who is affected by the administration of the Trust." Memorandum Opinion, at 9. The Court further acknowledge that the phrase "administration of a trust" refers to when a trustee manages a trust in accordance with the trust's terms and conditions and the Texas Property Code. Memorandum Opinion, at 13 (citing *Faulkner v. Bost*, 137 S.W.3d 254, 259 (Tex.App.—Tyler 2004, no pet.)). More importantly, "whether a person, excluding a trustee or named beneficiary, is an interested person may vary from time to time and **must be determined according to the particular**

***purposes of and matter involved in the proceeding***." *Id.* (quoting Tex. Prop. Code §
111.004(7)(emphasis added)).

This case involves a bill of review seeking to vacate the judgment entered on March
12, 2012 in Cause No. 2012CVQ000262-D4 that appointed a successor trustee and modified
certain provisions of the Trust. The "particular purposes of and matter involved" in the
proceeding which resulted in the 2012 judgment was the petition of Rocio Gonzalez Guerra
to appoint a successor trustee and to reform or modify the original trust instrument.

At the time Appellees brought the 2012 action, one of the settlors and former trustees,
Josefina Alexander Gonzalez ("Josefina"), was still alive. (CR 37). As settlor, Josefina clearly
was affected by the action because Guerra was seeking to reform the very trust Josefina
created.

That a settlor is affected by attempts to reform the trust is underscored by Section
112.054 of the Texas Property Code. This section recognizes the importance of the settlor's
intentions in determining whether reformation is appropriate. Section 112.054 provides, in
relevant part, as follows:

(a) On the petition of a trustee or a beneficiary, a court may order that the trustee
be changed, that the terms of the trust be modified, that the trustee be directed
or permitted to do acts that are not authorized or that are forbidden by the
terms of the trust, that the trustee be prohibited from performing acts required
by the terms of the trust, or that the trust be terminated in whole or in part,
…

(b) The court shall exercise its discretion to order a modification or termination
under Subsection (a) in the ***manner that conforms as nearly as possible to
the probable intention of the settlor***…

(Emphasis added).

4

Given that Section 112.054(b) requires the court to exercise its discretion to order modification in a manner that conforms as nearly as possible to the probable intention of the Settlor, it cannot be said that Josefina would not be affected by a request by the beneficiaries to reform the trust she created. As settlor, Josefina clearly had an interest in seeing that her wishes as expressed in the trust instrument were carried out and in seeing that the court correctly considered here "probable intention[s]" in reforming the trust she created.

Although no Texas case addresses the issue of whether the settlor has standing to bring suit to ensure her wishes are carried out by the trustee, various courts from other states have recognized that the settlor has standing under these circumstances. For example, in *Rosenblatt v. Birnbaum*, 212 N.E.2d 37, 40-41 (N.Y. Court App. 1965), the court held that a parent who paid child support to the other parent in trust for the benefit of a child under a separation agreement had standing in equity to sue the trustee to ensure that the intention of the trust agreement was carried out. In addition, in *Carr v. Carr*, 71 N.W. 785, 786 (IA. 1919), the Iowa Supreme Court recognized that the donor of a trust has standing to maintain a suit in equity to compel the carrying out of the terms of the trust. For the same reasons, Josefina had standing to ensure that her intentions in creating the Trust were not thwarted by Guerra's attempt at reforming the Trust.

Whether the *current* actions of the Co-Attorneys-in-Fact are unrelated to the administration of the Family Trust, as suggested by this Court in its Memorandum Opinion, is immaterial. The ability to bring a bill of review is an assignable right. *HSBC Bank USA, N.A. v. Watson*, 377 S.W.3d 766, 774-75 (Tex. App.—Dallas 2012, pet. dism'd). Appellants, as co-attorneys-in-fact of Josefina, succeeded to Josefina's right to bring the bill of review.

Therefore, the issue is whether Josefina herself, as settlor, was affected by the administration of the trust. Josefina, and now Appellants, were affected by the administration of the Family Trust in that the intent of a living settlor and former trustee was frustrated by the reformation of the trust instrument without the settlor having the opportunity to express her probable intention as required by Section 112.054(b). Therefore, the Court was incorrect in determining that the administration of the Family Trust, including the reformation of the rust instrument and the appointment of a new trustee, did not affect Josefina.

**II.     The Court erred in concluding that the Alexander Limited Partnerships were not affected by the administration of the Family Trust because there is no distinction between administration of the Trust and its role as a limited partner in the Alexander Limited Partnerships.**

In rejecting Appellants' argument that the Alexander Limited Partnerships have standing to bring the underlying suit, the Court attempted to draw a distinction between administration of the Trust and the Trust's role as a limited partner in the Alexander Limited Partnerships. As stated above, the phrase "administration of a trust" refers to when a trustee manages a trust in accordance with the trust's terms and conditions and the Texas Property Code. Memorandum Opinion, at 13. (citing *Faulkner v. Bost*, 137 S.W.3d 254, 259 (Tex.App.—Tyler 2004, no pet.)). The Court correctly acknowledged that "the Alexander Limited Partnerships may be affected by the actions of the limited partners—and thus the Family Trust . . . ." *Id.* Nevertheless, the Court reasoned "the management of a trust in accordance with its terms and conditions, i.e., its administration, is separate and distinct from the service of the Family Trust as a limited partner." Memorandum Opinion, pg. 13.

The Court was incorrect in attempting to draw a distinction between administration of the Trust and the Trust's service as a limited partner. A trust is not a separate legal entity and

6

can only act through its trustee. *See Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006). Any action by De Leon as trustee regarding the Alexander Limited Partnerships could only have been undertaken through management of the Trust in accordance with its terms and conditions and the Property Code.

The Order appointing De Leon trustee, which is the very order Appellants seek to vacate with their bill of review action, clearly constituted "administration of a trust." De Leon accepted the duty as trustee and was required to manage the Trust in accordance with its terms and conditions. De Leon's ability to bring suit on behalf of the Trust against the general partners arises under his authority to manage the Trust in accordance with its terms and conditions. Therefore, De Leon's decisions in this case, including the decision to seek appointment as Trustee and to sue Appellants, absolutely constitute "administration."

Moreover, the Court should not consider the Partnership as being separate from the Family Trust. As DeLeon himself has argued, the Family Trust is an integral part of a complex estate plan on the part of Josefina and Delfina. CR 248-54; 249-55.

As the Court further pointed out, as a passive limited partner, the Family Trust had the ability to vote to amend the partnership agreements or remove the general partner. Memorandum Opinion, at 13. The only person who could vote on behalf of the Trust is De Leon. De Leon's decision to vote on behalf of the Trust with respect to the Family Limited Partnership would clearly constitute "administration of a trust" because he would be making decisions regarding the Trust's sole asset. Any such decision would necessarily have to be made in accordance with the terms and conditions of the Trust and the Texas Property Code.

There is no question that Appellants have been affected by De Leon's management of the Trust. In particular, DeLeon has brought a suit to wind up the Partnership, which absolutely affects the Partnership. Yet another reason that Appellants are affected by the administration of the Trust is that Appellants, as general partner, owe various duties to the limited partner and by extension to De Leon. The order at issue in the bill of review proceeding is the order that appoints De Leon as trustee. The order changed the identity of the person to whom the general partner owes these duites. Accordingly, the general partnership was affected by the order appointing De Leon, and this order related to administration of the Trust.

**III. The Court was incorrect in concluding that the portion of the judgment directing Appellants to produce documents was insufficient to give them standing to attack the judgment.**

In concluding that the portion of the judgment directing all individuals or entities possessing financial records to deliver that information to the successor trustee did not grant Appellants standing to bring the Bill of Review action, the Court relied upon *Grynberg v. Christiansen*, 727 S.W.2d 665, 666-67 (Tex.App.—Dallas 1987, no pet.). While it is true that the *Grynberg* court concluded that a person who is ordered to produce voluminous records does not, on that ground alone, have an interest affected by the judgment so as to have standing to collaterally attack the judgment, *Grynberg* is distinguishable from the case at bar in one key respect. The plaintiff in *Grynberg* was the son of the person against whom the judgment being collaterally attacked had been rendered. 727 S.W.2d at 666. The judgment at issue did not require the son to produce documents or attend a deposition. *Id.* at 665-66. Rather, the son's obligation to produce documents and attend a deposition arose from a post-judgment

8

deposition notice. *Id.* The court concluded that the son lacked standing because he lacked an interest affected by the judgment. *Id.* at 667.

In the present case, the judgment itself—not a deposition notice—affects an interest of Appellants in that it requires them to turn over all of the Trust's financial information. As prior trustee, Josefina and Delfina retained certain duties to the trust beneficiaries, including the duty not to disclose confidential information. The judgment at issue required Appellants to turn over this information to a third-party. Moreover, unlike the son in *Grynberg*, who had no obligations under the judgment, Appellants could conceivably be held in contempt of court for refusing to turn over financial information. Therefore, Appellants' interest affected by the judgment is much more significant than the son in *Grynberg*.

## Conclusion and Request for Relief

WHEREFORE, Appellants respectfully request the Court to grant a rehearing of their appeal and, upon rehearing, reverse the judgment of the trial court and remand this matter for further proceedings. Appellants request such other relief to which they may be entitled.

Respectfully submitted,

/s/ David C. "Clay" Snell
Barry Snell
State Bar No. 18789000
David C. "Clay" Snell
State Bar No. 24011309
Bayne, Snell & Krause
1250 NE Loop 410, Suite 725
San Antonio, Texas   78209
Tel:    (210) 824-3278
Fax:    (210) 824-3937
Email: bsnell@bsklaw.com
Email: dsnell@bsklaw.com

9

Eduardo Romero
Texas State Bar No. 24056227
Victor Villarreal
Texas State Bar No. 24058160
VILLARREAL & ROMERO, PLLC
201 W. Del Mar Blvd., Suite 15
Laredo, Texas 78041
Tel.: (956) 727-2402
Fax: (956) 727-2404
Email: romero@vrlawfirm.com
Email: villarreal@vrlawfirm.com

Jesus M. Dominguez
Texas State Bar No. 00798151
Attorney at Law
201 W. Hillside Rd., Suite # 17
Laredo, Texas 78041
Tel:     (956)728-1477
Fax:     (956)728-1491
Email: lawjmd@swbell.net

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been served on October 9, 2015 to the following counsel of record:

Judith R. Blakeway
Email: Judith.blakeway@strasburger.com
James Maverick McNeel
Email: james.mcneel@strasburger.com
Laura C. Mason
Email: laura.mason@strasburger.com
STRASBURGER & PRICE, LLP
2301 Broadway
San Antonio, Texas 78215
*Attorneys for Raymond S. De Leon II, Trustee of the Family Trust*

Jeffrey T. Knebel
Email: jtknebel@ohkdlaw.com
Michael B. Knisely
Email: mbknisely@ohkslaw.com
OSBORNE, HELMAN, KNEBEL & DELEERY, LLP
301 Congress Avenue, Suite 1910
Austin, Texas  78701
*Attorneys for Rocio G. Guerra*

/s/ David C. "Clay" Snell
DAVID C. "CLAY" SNELL

10